UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

In Re:

Corazon Tamargo Rivera

              Debtor.

_____

**NOTICE OF MOTION FOR**
**TERMINATION OF AUTOMATIC STAY**

Case No.: 23-11345-pb
(Chapter 13)

Assigned to:
Hon. Philip Bentley
Bankruptcy Judge

     Please take notice that Wells Fargo Home Mortgage, as servicing agent for Wells Fargo USA Holdings, Inc., a secured creditor of Debtor, by the undersigned attorneys, will move this Court on December 7, 2023 at 10:00 a.m. or as soon thereafter as counsel can be heard, at www.Zoom.Gov.com, for (1) an Order pursuant to 11 U.S.C §105(a) granting in rem relief as to the real property commonly known as 245 E 50th St 4a, NEW YORK, NY 10022 (2) an Order pursuant to 11 U.S.C. § 362(d)(4)(B) terminating the automatic stay as to movant's interest in in real property commonly known as 245 E 50th St 4a, NEW YORK, NY 10022 and for such other relief as the Court may deem proper.

     In the event that this motion is scheduled to be heard beyond the time-period set forth in 11 U.S.C. Section 362(e) or is subsequently adjourned beyond said time period, Secured Creditor hereby waives its rights under 11 U.S.C. Section 362(e) and agrees to be bound by the Order of the Court on the instant Motion.

DATED: October 18, 2023
Williamsville, New York

Yours,

By: /s/ Ehret Van Horn
Ehret Anne Van Horn, Esq.
GROSS POLOWY LLC
Attorneys for Secured Creditor
Wells Fargo USA Holdings, Inc.
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
Telephone (716) 204-1700

TO:

| | |
|---|---|
| Corazon Tamargo Rivera<br>245 E 50th St Apt. 4-A<br>New York, NY 10022 | Debtor |
| Sean Sabeti, Esq.<br>Law Offices of Sean Sabeti, P.C.<br>3 Grace Avenue, Suite 400<br>Great Neck, NY 11021 | Debtor's Attorney |
| Thomas C. Frost, Esq.<br>399 Knollwood Road<br>Suite 102<br>White Plains, NY 10603 | Chapter 13 Trustee |
| U.S. Trustee<br>Office of the United States Trustee-NY<br>Alexander Hamilton Court House<br>One Bowling Green, Room 534<br>New York, NY 10004-1408 | U.S. Trustee |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

In Re:

Corazon Tamargo Rivera

Debtor.

_____

Case No.: 23-11345-pb
(Chapter 13)

Assigned to:
Hon. Philip Bentley
Bankruptcy Judge

**AFFIRMATION IN SUPPORT OF MOTION SEEKING TO TERMINATE THE AUTOMATIC STAY AND SEEKING *IN REM* RELIEF FROM THE AUTOMATIC STAY.**

I, Ehret Anne Van Horn, Esq., am an attorney duly licensed to practice law in the Courts of this State and in the United States Bankruptcy Court for the Southern District of New York and hereby state as follows:

1. I submit the within Affirmation under penalty of perjury in support of the motion of Wells Fargo USA Holdings, Inc. ("Secured Creditor"), a Secured Creditor of the above-referenced Debtor, to terminate the automatic stay in this case with respect to the real property commonly known as 245 E 50th St 4a, NEW YORK, NY 10022 ("Property" or "Mortgaged Premises") and obtain *in rem* relief as to the Property such that any further filings by Corazon Tamargo Rivera, or any other person or entity with an interest in the Property shall not operate as an automatic stay against the Secured Creditor and its successors and/or assigns.

A. **FACTUAL BACKGROUND RELATED TO OWNERSHIP OF THE PROPERTY**

2. Secured Creditor is the holder of a note executed by Corazon Tamargo Rivera on or about the 25th day of October, 2004 in the principal amount of $458,366.10 and interest (the "Note"), secured by a mortgage executed on October 25, 2004 covering the premises commonly known as 245 E 50th St 4a, NEW YORK, NY 10022. A copy of the Note, Decision and Order, and Certificate of Merger is annexed hereto as **Exhibit 'A'**.

3. On the 22nd day of August, 2023 Debtor Corazon Tamargo Rivera filed a Petition under Chapter 13 of Title 11 U.S.C. §101 et seq with this Court, and an Order for relief was duly entered.

B. **THE FORECLOSURE ACTION IN RELATION TO THE PROPERTY**

4. On November 14, 2016, Secured Creditor commenced foreclosure proceedings by filing a summons and complaint with the Supreme Court, New York County New York under Index Number 850218/2016.

5. Corazon Tamargo Rivera was named a defendant in the foreclosure action. The Secured Creditor in due course obtained a judgment of foreclosure and sale in the foreclosure action on March 7, 2023 which was entered on March 10, 2023, and said judgment with the notice of entry is attached hereto as **Exhibit "B"**.

### C. SERIES OF BANKRUPTCY PROCEEDINGS

**Case No. 19-13010-rg (the "First Bankruptcy Case")**

6. The borrower Corazon Tamargo Rivera filed for bankruptcy on September 18, 2019 under Chapter 11 of Title 11 U.S.C. §101. The case was assigned case number 19-13010-rg, and a copy is attached hereto as **Exhibit "C"**. The case was subsequently dismissed on November 18, 2020.

**Case No. 23-10696-cgm (the "Second Bankruptcy Case")**

7. The borrower Corazon Tamargo Rivera filed for bankruptcy on May 3, 2023 under Chapter 13 of Title 11 U.S.C. §101. The case was assigned case number 23-10696-cgm, and a copy is attached hereto as **Exhibit "D"**. The case was subsequently dismissed on June 29, 2023 for Debtor's failure to cure the filing deficiencies.

**Case No. 23-11345-cgm (the "Third Bankruptcy Case")**

8. Secured Creditor scheduled a foreclosure sale for August 23, 2023. The borrower Corazon Tamargo Rivera filed for bankruptcy on August 22, 2023 under Chapter 13 of Title 11 U.S.C. §101. The case was assigned case number 23-11345-cgm, and a copy is attached hereto as **Exhibit "E"**. This is another deficient filing.

### D. RELIEF BEING SOUGHT

**I. The Court should exercise its authority pursuant to 11 U.S.C. Section 105(A) and grant *in rem* relief.**

9. It is well accepted that "one of the primary purposes of bankruptcy is to provide the 'honest but unfortunate debtor with the opportunity to make a 'fresh start.'" *In re Dupuy,* 308 B.R. 843, 848 (Bankr. E.D. Tenn. 2004). It is equally recognized that "all bankruptcy petitions must be filed in good faith and must be

'fundamentally fair in a manner that complies with the spirit of the Bankruptcy Code's provisions.'" *Dupuy,* 308 B.R. at 848-849.

10. However, "the filing of repetitive bankruptcy cases to forestall secured creditors from exercising foreclosure rights, and without any intent to comply with basic bankruptcy requirements, is an abuse of process and a violation of the spirit and intent, if not the actual letter, of the Bankruptcy Code." *In re Hughes,* 2007 Bankr. LEXIS 1328 at *41-42. (Bankr. N.D. Tex. 2007). In such cases, *in rem* relief is appropriate in order to allow the Secured Creditor to complete the foreclosure process. *See Gonzalez-Ruiz,* 341 B.R. at 385 *(in rem* relief appropriate where Debtors filed four bankruptcy cases in order to prevent the creditor from completing foreclosure); *In re Selinsky,* 365 B.R. 260 (Bankr. S.D. FL 2007) (Court ordered *in rem* relief where the Debtor and her husband's five bankruptcy filings constituted a gross abuse of the bankruptcy process).

11. Section 105(a) of the Bankruptcy Code provides in pertinent part that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). It is established that § 105 empowers the Court "to provide a creditor with prospective relief from the automatic stay where it is clear that a debtor has filed successive bankruptcy petitions to stay foreclosure sales without the intention of completing or without having the ability to complete the bankruptcy process in good faith." *In re Feldman,* 309 B.R. 422, 426 (Bankr. E.D.N.Y. 2004); see also *In re Henderson,* 395 B.R. 893 (Bankr. D.S.C. 2008) (the authority of the Court to grant *in rem* relief stems from its broad powers under 11 U.S.C.§105(a) to issue orders necessary to carry out provisions of the Bankruptcy Code and prevent abuse of process).

12. *"In rem* relief is prospective relief that will apply to others who may file a petition and invoke the automatic stay as to the same real property." *In re Lord,* 325 B.R. 121, 129 (Bankr. S.D.N.Y. 2005). "An order granting *in rem* relief from stay is an appropriate remedy when a debtor or transferee of a debtor serially files bankruptcy petitions solely to invoke the automatic stay." *Gonzalez-Ruiz* v. *Doral Financial Corp.,* 341 B.R. 371, 384 (B.A.P. 1" Cir. 2006). "An *in rem* order ... attaches to the property and prevents the imposition of the automatic stay *only as to the property at issue* in future bankruptcy filings by co-owners." *In re Keefer,* 2005 Bankr LEXIS 2149 at *11 (Bankr. S.D.N.Y. February 10, 2005). The purpose of *in rem* relief is to prevent "an abuse of the bankruptcy code by multiple debtors acting in concert." *Keefer,* 2005 Bankr LEXIS at

*11.

13. In order to grant *in rem* relief, "'the record must clearly demonstrate an abuse of the bankruptcy process through multiple filings with the sole purpose of frustrating the legitimate efforts of creditors to recover their collateral.'" *Henderson,* 395 B.R. at 901 *quoting In re Price,* 304 B.R. 769, 773 (Bankr. N.D. Ohio 2004).

14. Here, *in rem* relief is appropriate because a review of the record demonstrates that the Debtor has engaged in a history of serial filings with no intent to complete the bankruptcy process, in that each case was dismissed shortly after being commenced for failure to file the requisite documents needed to proceed with the bankruptcy process or for failure to make plan payments.

15. Therefore, "the multiple filings are evidence of bad faith and evidence of the fact that the Debtor [and non-debtors] are abusing the bankruptcy process." *Price,* 304 B.R. at 774 *(in rem* relief granted where the Debtor and her husband filed six bankruptcy cases). Thus, *in rem* relief is appropriate.

16. Additionally, while *in rem* relief is an extraordinary form of relief, it has "been granted where 'an ordinary relief from the stay order will not be effective as demonstrated by the prior history of the parties and the property.'" *Jn re Price,* 304 B.R. 769, 773 (Bankr. N.D. Ohio 2004). As demonstrated by the factual history, ordinary relief from the stay would be an ineffective measure to allow the Secured Creditor to complete the foreclosure process.

17. Based on the foregoing, the record unequivocally demonstrates that there has been a history of serial bankruptcy filings. As such, an order granting *in rem* relief as to the Property such that any and all future filings by any person or entity with an interest in the Property shall not operate as an automatic stay against the Secured Creditor and its successors and/or assigns is appropriate.

**II. The automatic stay should be terminated pursuant to 11 U.S.C. Section 362(d)(4)(B)**

18. It is well established that a creditor whose debt is secured by residential real property may move under 11 U.S.C. § 362(d) for relief from the automatic stay. Under BAPCPA, a new section of 362(d) was added with the intent "to reduce abusive filings." *In re Muhaimin,* 343 B.R. 159 (Bankr. D. Maryland 2006) *citing* H.R. Rep. 109-31(I) at 69 (2005). 11 U.S.C. § 362(d)(4)(B) provides that:

> "the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning

such stay with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting such real property." U.S.C. § 362(d)(4)(B).

19. This provision also provides that relief under this section "shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court . . . ." 11 U.S.C. § 362(d)(4)(B). The facts of this case support the conclusion that relief pursuant to § 362(d)(4)(B) is appropriate and the automatic stay should be terminated with respect to the Secured Creditor's interest in the Premises.

20. In order to establish that it is entitled to relief pursuant to § 362(d)(4)(B) the Secured Creditor has the burden of establishing that the current bankruptcy filing is part of a scheme to hinder, delay and defraud the bank. *See In re Lemma*, 394 BR. 315, 324 (Bankr. E.D.N.Y. 2008). The fact that a Debtor has filed multiple bankruptcy cases, in and of itself, is not sufficient cause for relief under this section. *See In re Lemma*, 394 BR. 315 @ 324. However, an intent to hinder, delay and defraud can be inferred from the filing of multiple bankruptcies when the filings are deficient, strategically timed, or otherwise indicate bad faith. *See In re Montalvo*, 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009)(finding six strategically timed, deficient bankruptcy filings were sufficient to find that the sixth bankruptcy was part of a scheme to delay, hinder and defraud the bank and that *in rem* relief was appropriate); *In re Blair*, 2009 Bankr. LEXIS 4195 (Bankr. E.D.N.Y. 2009) (finding that ten deficient, strategically timed bankruptcy filings was sufficient to grant *in rem* relief pursuant to § 362(d)(4)(B)). *See In re: Richmond*, 513 B.R. 34, 38 (Bankr. E.D.N.Y. 2014)(finding that two bankruptcies filed on the eve of scheduled foreclosure sales, when the Debtor was repeatedly attempting to collaterally attack the foreclosure judgment and the property was not part of Debtor's estate, provided sufficient cause to grant *in rem* relief).

21. Bankruptcy Courts may infer an intent to hinder, delay, or defraud creditors from the fact of serial filings, without holding an evidentiary hearing. Relevant to this analysis is whether a debtor has "evinced no true intention to reorganize their financial affairs" and whether a debtor's previous filings were "prosecuted to any

meaningful degree." *See In re Valid Value Props*, 2017 Bankr. LEXIS 27, 18 (Bankr. S.D.N.Y. 2017)(citations omitted).

22. A review of the bankruptcy filings by the Debtor demonstrate that the there exists a scheme to delay, hinder, or defraud. The repeated filings, none of which have been meaningfully prosecuted, clearly have resulted in undue delay and hindrance of the Secured Creditor's efforts to foreclose on the Property.

23. The Secured Creditor has sustained injury as a result of the repeated filings in this case. The Secured Creditor's Mortgage Obligation is due for December 29, 2010. Additionally, the Secured Creditor is suffering immediate and irreparable injury and loss because the Secured Creditor is not receiving any income to pay the real estate taxes and/or hazard insurance. A Relief from Stay worksheet is attached hereto as **Exhibit "F"**.

24. As can be seen from the history of filings, there has been a repeated attempt to thwart the Secured Creditor's attempts to foreclose on the property. Based on this history of abuse, this Court should grant the Secured Creditor's requested relief and issue an order that would prevent the imposition of the automatic stay on the Property for at least two years in order to provide the Secured Creditor time to complete the foreclosure or any other legal proceeding that it deems necessary in relation to the Property.

25. Based on the foregoing, the Secured Creditor has provided ample cause to justify the Court issuing an order pursuant to 11 U.S.C. § 362(d)(4)(B). The pattern of conduct suggests that the Debtor filed her bankruptcy cases in bad faith. As such, the Secured Creditor requests an Order of the Court terminating the automatic stay, with prejudice, such that any and all future filings by any person or entity with an interest in the Property shall not operate as an automatic stay against the Secured Creditor for a period of two years from the date of entry of the Order.

26. A copy of a proposed Order granting the relief sought by Secured Creditor is annexed hereto as **Exhibit 'G'**.

27. No prior application has been made for the relief requested herein.

28. The legal description for the Mortgaged Premises is attached hereto as **Exhibit 'H'.**

WHEREFORE, the Secured Creditor respectfully requests (1) an Order pursuant to 11 U.S.C. §105(a) granting *in rem* relief as to the real property commonly known as 245 E 50th St 4a, NEW YORK, NY 10022 (2) an Order pursuant to 11 U.S.C. § 362(d)(4)(B) terminating the automatic stay as to movant's interest in in real property commonly known as 245 E 50th St 4a, NEW YORK, NY 10022 together with such other and further relief as the Court deems just and equitable.

DATED: October 18, 2023
       Williamsville, New York

    /s/ Ehret Van Horn
_____
Ehret Anne Van Horn, Esq.
GROSS POLOWY LLC
Wells Fargo USA Holdings, Inc.
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221